IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>BRADLEY LOUIS ALLEN,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR CLARIFICATION REGARDING RESTITUTION<br><br><br><br>Case No. 1:04-CR-112 TS |

Defendant, acting pro se, filed the present motion seeking to clarify his restitution payments. Defendant asserts that the Bureau of Prisons (BOP) imposed his restitution payment schedule under the Inmate Financial Responsibility Program (IFRP). He argues that he should only be bound to pay restitution in accordance with his Judgment and Commitment, which provides: "Restitution due immediately, but payable at a minimum rate of $50 per month upon release from incarceration."[1] Defendant argues he cannot afford to pay while incarcerated and seeks an order that he need not pay on his restitution until he is released.

---

[1] Docket No. 111, at 6.

1

As the Tenth Circuit explained in a recent unpublished case, *Wallette v. Wilner*:[2]

> The IFRP, set forth in 28 C.F.R. §§ 545.10 and 545.11, requires inmates to commit a percentage of their prison employment earnings toward the repayment of court-ordered restitution. Participation in the IFRP is not mandatory but entitles inmates to certain benefits. *See* 28 C.F.R. § 545.11(d).[3]

> Construing the pro se motion liberally, it appears Defendant is making a challenge to the BOP's ability to schedule payments.

> Because a challenge to the BOP's authority to set restitution payment terms goes to the execution of a [prisoner's] sentence, this claim falls within those properly raised in a petition for habeas corpus under § 2241.[4]

Thus, Defendant must raise this issue as a petition filed under 28 U.S.C. § 2241. However, "prior to seeking relief under § 2241, federal prisoners must exhaust administrative remedies."[5] Defendant has not shown that he has exhausted his administrative remedies with the BOP regarding his schedule of payments under the IFRP. Therefore, the Motion will be denied without prejudice to allow him to exhaust those remedies.

Further, if Defendant exhausts his remedies and is not satisfied, § 2241(a) provides that a "[w]rit[] of habeas corpus may be granted by [one of the federal courts] within their respective jurisdictions." Therefore, any future § 2241 petition raising these issues must

---

[2] 321 Fed. Appx. 735 (10th Cir. 2009).

[3] *Id.* at 737.  The court finds this unpublished case to be factually similar to this and persuasive.

[4] *Id*.

[5] *Id.* (citing *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986)).

be filed in the district where the prisoner is confined."[6]  Defendant is confined in Colorado.

Accordingly, the Motion will be dismissed without prejudice because Defendant has not exhausted his administrative remedies and Defendant must exhaust administrative remedies with the BOP before re-filing the Motion as a petition under § 2241 in the district where he is confined.  It is therefore

ORDERED that Defendant's Motion for Clarification Regarding Restitution (Docket No. 120) is DENIED without prejudice.

DATED   August 14, 2009.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge

---

[6] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).